IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)  JULIE FREY, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Case No. CIV-16-911-R | |
| ) | | |
| (1)  COMPANION LIFE ) | (Removed from Oklahoma | |
| INSURANCE COMPANY ) | County District Court | |
| ) | Case No. CJ-2016-3470) | |
| Defendant. ) | | |

## NOTICE OF REMOVAL

Defendant Companion Life Insurance Company ("Companion"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes the above-captioned action pending in the District Court of Oklahoma County, Oklahoma, to the United States District Court for the Western District of Oklahoma. The grounds for removal are as follows:

1.  Plaintiff commenced this action entitled *Julie Frey v. Companion Life Insurance Company*, Case No. CJ-2016-3470 (the "Action"), by filing a Petition with the District Court of Oklahoma County, Oklahoma (the "Petition"), on July 11, 2016. Plaintiff served the Petition on Companion via the Oklahoma Insurance Commissioner on July 20, 2016.  *See* Ex. 2, Summons (showing "RECEIVED OKLAHOMA INSURANCE DEPARTMENT" with a date stamp of "JUL 20, 2016").

2.  The Petition purports to state claims against Companion for breach of contract (Count I), bad faith (Count II), and fraud (Count III).

3.  The Petition in the Action is attached as Exhibit 1. A copy of the Summons served on Companion is attached as Exhibit 2. A copy of the Docket Sheet, Oklahoma

17727672_1

County, Case No. CJ-2016-3470, is attached as Exhibit 3. Companion is unaware of the existence of any process, pleadings, or orders other than the documents included in Exhibits 1-2. Moreover, there are no motions pending before the Oklahoma County District Court in this matter; nor are any hearings currently set.

4. As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 because Companion has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

## I. Companion has satisfied the procedural requirements for removal.

5. Plaintiff served the Petition and a Summons on the Oklahoma Insurance Commissioner on July 20, 2016.

6. Because this Notice of Removal is being filed within thirty days of service of the Petition and Summons, it is timely under 28 U.S.C. § 1446(b).

7. Under 28 U.S.C. § 1446(a), the United States District Court for the Western District of Oklahoma is the appropriate court for filing this Notice of Removal from the District Court of Oklahoma County, Oklahoma, where the Action is pending. *See* 28 U.S.C. § 116(c).

8. Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1391(b).

## II. Removal is proper because this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

9. The Court has original jurisdiction over this action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a) because this is a civil action (A)

where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs (B) between citizens of different states. Thus, the Action may be removed to this Court by Companion pursuant to 28 U.S.C. § 1441(a).

### A. The amount in controversy requirement is satisfied.

10. It is apparent from the face of the Petition that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of interest and costs. *See* Ex. 1, Pet., "WHEREFORE" clause at p. 7 ("Plaintiff prays judgment against Companion in an amount in excess of $75,000.00 actual damages and an amount in excess of $75,000.00 punitive damages with interest and costs of this action, for reasonable attorney fees, and for such other relief as may be appropriate.").

11. The assertions regarding damages in the Petition are sufficient to demonstrate that the amount in controversy requirement for diversity jurisdiction has been met. 28 U.S.C. § 1446(c)(2).

### B. Complete diversity of citizenship exists between Plaintiff and Companion.

12. Plaintiff is a resident of Oklahoma County, Oklahoma. *See* Ex. 1, Pet., ¶ 1. Residence, while not equivalent to citizenship, is prima facie evidence of domicile. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Domicile is equivalent to citizenship for purposes of diversity jurisdiction. *See Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006). Based on the foregoing and upon information and belief, Plaintiff is a citizen of Oklahoma.

13. Companion is incorporated in South Carolina with its principal place of business in South Carolina. *See* Ex. 4, Manning Decl. ¶ 3; *see also* Ex. 1, Pet., ¶ 2. For purposes of determining diversity jurisdiction, Companion is therefore a citizen of South Carolina.

14. Therefore, for purposes of determining diversity jurisdiction, and upon information and belief, Plaintiff is a citizen of Oklahoma and Companion is a citizen of South Carolina such that complete diversity exists.

15. Companion reserves the right to amend or supplement this Notice of Removal.

16. Companion reserves all defenses, including, without limitation, those set forth in Federal Rule of Civil Procedure 12(b).

17. Written notice of the filing of this Notice of Removal will be given to Plaintiff and the state court promptly after the filing of the Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Companion removes this Action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446, and invokes this Court's jurisdiction.

Respectfully submitted this 9th day of August, 2016.

/s/ Bradley K. Donnell
BRADLEY K. DONNELL, OBA #15922
ANDREW J. MORRIS, OBA #31658
MCAFEE & TAFT A PROFESSIONAL CORPORATION
Tenth Floor, Two Leadership Square
211 North Robinson Ave.
Oklahoma City, OK 73102
405/235-9621; 405/235-0439 (FAX)
brad.donnell@mcafeetaft.com
andrew.morris@mcafeetaft.com
*Attorneys for Defendant*
*Companion Life Insurance Company*

## CERTIFICATE OF SERVICE

☑ I hereby certify that on August 9, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Richard M Healy, Esq.
Michael C. Felty, Esq.
Chantel P. James, Esq.
LYTLE, SOULE & CURLEE, P.C.
119 N. Robinson Ave., Suite 1200
Oklahoma City, OK 73102
405/235-7471; 405/232-3852 (FAX)
healy@lytlesoule.com
felty@lytlesoule.com
james@lytlesoule.com
*Attorneys for Plaintiff*

/s/ Bradley K. Donnell
BRADLEY K. DONNELL