

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| JULIE FREY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO. CJ-2016-3470 ) |
| COMPANION LIFE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUL 11 2016

RICK WARREN
COURT CLERK
89_____

### PETITION

COMES NOW Plaintiff, Julie Frey (hereinafter "Plaintiff") and for her claims against Defendant Companion Life Insurance Company, (hereinafter "Companion") states and alleges as follows:

#### I. PARTIES, JURISDICTION AND VENUE:

1. Plaintiff is an Oklahoma resident who lives in Oklahoma County;

2. Defendant Companion is an insurance company that is incorporated in South Carolina and has been doing business in the State of Oklahoma, including Oklahoma County, at all times material herein;

3. The acts and omissions complained of herein occurred in Oklahoma County, State of Oklahoma.

4. This Court has jurisdiction over the subject matter of this claim and personal jurisdiction over the parties. This Court is the proper venue for this action;

#### II. OPERATIVE FACTS

5. On or about December 13, 2014, Plaintiff was contacted via telephone by a representative of Companion for the purchase of a Short Term Major Medical Insurance policy

EXHIBIT 1

(hereafter "Policy"). Plaintiff provided her credit card number, among other personal details, to the Companion representative, who assured Plaintiff she would receive information regarding her new Policy.

6.    Plaintiff received an e-mail from Health Insurance Innovations (hereinafter "HII") on December 16, 2014 that stated her Policy would go into effect on December 13, 2014. That e-mail contained login information that allowed Plaintiff to access her Policy among other documents.

7.    Companion's Certificate of Insurance Providing Short Term Major Medical Insurance named Med-Sense Guaranteed Association (hereinafter "Med-Sense") as the "Policyholder" and Health Insurance Innovations as the "Administrator" of the Policy.

8.    The Policy excluded, among other things, "Pre-existing Conditions", defined as "[c]harges resulting directly or indirectly from a condition for which a Covered Person receiving medical treatment, diagnosis, care or advice within the six-month period immediately preceding such person's Effective Date are excluded for the first 12 months of coverage hereunder."

9.    An Endorsement with an effective date of December 13, 2014 modified the definition of "Pre-existing Conditions" to ""[c]harges resulting directly or indirectly from a condition for which a Covered Person receiving medical treatment, diagnosis, care or advice within the sixty-month period immediately preceding such person's Effective Date are excluded for the first 12 months of coverage hereunder. . . . [and] [p]re-existing conditions includes conditions that produced any symptoms which would have caused a reasonable person to seek diagnosis, care or treatment within the sixty-month period immediately prior to the coverage effective date."

10. The Endorsement further modified the Policy's Schedule of Benefits. Specifically, the modification placed a cap of $1,500 for treatment of kidney stones.

11. On or about January 5, 2015, in reliance on the promises made by Defendant, Plaintiff canceled her previous health insurance plan.

12. On or about March 17, 2015, Plaintiff sought treatment for kidney stones at St. Anthony Hospital in Oklahoma City.

13. Plaintiff received bills for medical treatment from St. Anthony Hospital, Western Oaks Anesthesia Associates, Inc., SSM Health, Diagnostic Laboratory of Oklahoma, L.L.C. and Oklahoma Radiology Group, PC, and Choctaw Family Medicine and Aesthetics.

14. During April 2015 and/or May 2015, Plaintiff submitted a claim, (hereinafter the "Claim") to Defendant's representative, Allied National ("Allied"), (upon information and belief, Defendant's third party administrator), for payment of medical bills and expenses for the treatment received by Plaintiff.

15. Allied began sending Plaintiff a series of Explanation of Benefits (hereinafter "EOB"), each one unlawfully stating that pre-existing conditions were excluded from coverage.

16. On or about February 11, 2016, Allied sent Plaintiff a letter officially denying Plaintiff's Claim.

### III. FIRST CAUSE OF ACTION

### BREACH OF CONTRACT:

17. The Policy and oral and implied agreements referenced herein constitute a valid and enforceable contract between Plaintiff and Companion;

18. Plaintiff has fully performed and satisfied all the terms and conditions of the Policy;

3

19. Companion breached and continues to breach the above referenced Policy by delaying payment of promised benefits, underpaying other benefits and/or unlawfully denying coverage of benefits. Defendant also unilaterally changed the terms of the Policy without written notice to Plaintiff and through the foregoing conduct described above;

20. As a result of Companion's breach, Plaintiff has suffered and continues to suffer damages including, but not limited to, the non-payment of Policy benefits due and payable by Plaintiff for the charges for kidney stone treatment and other benefits under the Policy, and in the amount of the difference between the amount of covered kidney stone treatments and the amounts paid or not paid by Companion;

### IV.   SECOND CAUSE OF ACTION

### BAD FAITH:

21. Plaintiff repeats and re-alleges the previous paragraphs as if fully set forth herein;

22. Companion wrongfully failed or refused to promptly pay policy benefits, delayed payment of benefits, underpaid other benefits, and/or denied coverage of benefits of the Policy;

23. As a matter of routine business practice in handling of the claims of Plaintiff, Companion knowingly and intentionally breached its duty to deal fairly and act in good faith toward Plaintiff by:

    a. failing or refusing to promptly pay and honor policy benefits due and owing on behalf of Plaintiff at a time when Companion knew Plaintiff was entitled to those benefits;

    b. failing to diligently or properly investigate Plaintiff's claims;

    c. withholding payment of the benefits due knowing that such claims for those benefits were valid;

  d. failing or refusing to promptly pay all policy benefits due and owing for reasons contrary to law;

  e. failing or refusing to promptly pay all policy benefits due and owing in some instances by applying restrictions not contained in the Policy;

  f. failing or refusing to promptly pay all policy benefits due and owing by knowingly misconstruing and misapplying provisions, terms, and/or definitions of the Policy;

  g. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under the Policy, including Plaintiff's claims;

  h. forcing Plaintiff to retain counsel in order to secure benefits Companion knew were payable;

  i. failing to properly audit and evaluate any investigation that was performed; and

  j. delaying payment of policy benefits,

all in violation of the covenant of good faith and fair dealing, and resulting in financial gain to Companion;

  24. The foregoing improper and unlawful conduct of Companion including, but not limited to, its claims handling policies and procedures was done to substantially reduce the amount of benefits paid to its insureds including, but not limited to the Plaintiff, and consequently to significantly increase its profitability and wrongfully benefitting Companion;

  25. Plaintiff has suffered the loss of the Policy coverage, anxiety, frustration, mental and emotional distress and other incidental and consequential damages, financial hardship,

attorney expenses and other incidental damages, as a proximate result of Companion's breach of the implied covenant of good faith and fair dealing;

## V.   THIRD CAUSE OF ACTION

### FRAUD:

26.   Plaintiff repeats and re-alleges the previous paragraphs as if fully set forth herein;

27.   Companion represented, in its Policy language, that it would pay for the charges due under the kidney stone treatment benefits of the Policy;

28.   The representations made by Companion were with an understanding and intent that Plaintiff would rely on Companion to her detriment;

29.   The representations were false;

30.   Companion intended for Plaintiff to rely on Companion's representations as an inducement for Plaintiff to refrain from taking action to seek the full benefits that Plaintiff was due under the terms of the Policy and to refrain from seeking recovery of funds wrongfully withheld by Companion;

31.   As a direct and proximate result of Companion's omissions and/or false representations, Plaintiff has suffered and continues to suffer the loss of the Policy coverage, anxiety, frustration, mental and emotional distress, financial hardship, attorney expenses and other incidental and consequential damages, as a proximate result of Companion's wrongful conduct;

32.   As a direct and proximate result of the foregoing conduct by Companion, Plaintiff has been damaged in an amount exceeding $75,000.00, the exact amount to be determined at trial, interest thereon at the highest legal rate, court costs, and attorneys' fees;

## VI.   **PUNITIVE DAMAGES**

33.   Companion has acted intentionally and with malice toward Plaintiff and others and/or has been guilty of reckless disregard of the health, safety and welfare of Plaintiff and others, and engaged in detrimental conduct to its insureds, entitling Plaintiff to punitive damages;

34.   Companion has acted intentionally and with malice toward Plaintiff and others and engaged in willful and reckless disregard to the safety, health and welfare of Plaintiff and others, entitling Plaintiff to punitive damages;

WHEREFORE, Plaintiff prays judgment against Companion in an amount in excess of $75,000.00 actual damages and an amount in excess of $75,000.00 punitive damages with interest and costs of this action, for reasonable attorney fees, and for such other relief as may be appropriate.

Respectfully Submitted,

*(signature)*

Richard M. Healy, OBA No. 4080
Michael C. Felty, OBA No. 10804
Chantel P. James, OBA No. 32431
Lytle, Soulé & Curlee, P.C.
119 N. Robinson Ave., Suite 1200
Oklahoma City, OK 73102
Telephone: 405.235.7471
Facsimile: 405.232.3852
healy@lytlesoule.com
felty@lytlesoule.com
james@lytlesoule.com

**Attorneys for Plaintiff**