# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEONA PAYNE and DARRELL PAYNE, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WS SERVICES LLC, )<br>)<br>Defendant. ) | Case No. CIV-15-1061-R |

## SETTLEMENT CONFERENCE ORDER

The Court sets a settlement conference before the Honorable Bernard M. Jones on **Friday, October 28, 2016, at 1:00 p.m.** All attorneys and client representatives should report to the United States Courthouse, 200 N.W. 4th Street, Oklahoma City, Oklahoma, Courtroom 101. Strict compliance with LCvR 16.2 is required. The settlement conference statement *and* cover sheet are to be submitted to the undersigned via email to Jones-Orders@okwd.uscourts.gov no later than **Thursday, October 27, 2016, at 5:00 p.m.** In addition, the Court orders:

1. **FULL SETTLEMENT AUTHORITY REQUIRED**: As stated in LCvR 16.2(b), each party must attend with "full settlement authority," defined as follows:

    For a plaintiff, such representative must have final settlement authority, in the representative's discretion, to authorize dismissal of the case with prejudice or to accept a settlement amount down to the defendant's last offer.

    Except as otherwise provided in LCvR 16.2(b)(2), the client representative for any entity named as the defendant must have discretion to commit the entity to pay an amount up to the plaintiff's prayer or up to the plaintiff's last demand, whichever is lower.

    The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

2. **SETTLEMENT CONFERENCE STATEMENTS:**

   A. **Required Statements**

   Each party must submit a settlement conference statement as required under LCvR 16.2(d). The parties' settlement conference statements are due no later than **Thursday, October 27, 2016 at 5:00 p.m.** and must be served in compliance with the local civil rule.

   B. **Optional Memoranda**

   In addition, each party has the option of submitting to the undersigned a confidential memorandum. This memorandum is not required. But, if submitted, the memorandum is due **Thursday, October 27, 2016 at 5:00 p.m.**

   In the confidential memorandum, the party may include any information that would be helpful for the undersigned to know in advance.

3. **EXHAUSTION OF SETTLEMENT NEGOTIATIONS:** The parties may feel that they want to save room to negotiate until the judicial settlement conference. But that is not the function of the judicial settlement conference. Until the parties have exhausted negotiations on their own, neither the attorneys nor the settlement judge can meaningfully assess the impediments to settlement or determine whether a facilitative or evaluative process should be employed. Thus, the mere exchange of offers before the settlement conference is insufficient. Instead, the parties should exhaust settlement negotiations prior to the proceeding. **Failure to comply may result in cancellation or rescheduling of the proceeding.**

4. **RELIEF FROM THE REQUIREMENTS OF LCvR 16.2 OR THIS ORDER:**
   LCvR 16.2 states that requests for relief from this rule shall be directed to the settlement judge. For guidance on how otherwise to seek relief from LCvR 16.2 or this Order, one may contact my Courtroom Deputy, Mr. D. Wayne Lee, at (405) 609-5042.

   IT IS SO ORDERED this 27th day of October, 2016.

   _David L. Russell_
   DAVID L. RUSSELL
   UNITED STATES DISTRICT JUDGE