IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JULIE FREY, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-16-911 |
| | ) |
| COMPANION LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
|       Defendant. | ) |

## ORDER

Before the Court is Defendant's Partial Motion to Dismiss. (Doc. No. 8). The Court GRANTS Defendant's motion.

## DISCUSSION

### A. Background

Plaintiff Julie Frey brought this suit after Defendant Companion Life Insurance Company allegedly denied her claim under an insurance policy it had sold to her in December 2014. (Doc. No. 1). Specifically, Plaintiff contests Defendant's refusal to pay for medical treatment Plaintiff received in March 2015 for kidney stones. (Doc. No. 1, ¶ 11). Defendant argues that Plaintiff's condition qualified as a pre-existing condition, which it alleges was not covered under the policy. (*Id.* at ¶¶ 15–16). Plaintiff brings causes of action for breach of contract, bad faith, and fraud. Defendant has moved to dismiss the bad faith and fraud claims on the ground that Plaintiff failed to state a claim under Federal Rule

of Civil Procedure 12(b)(6), arguing that those claims lacked sufficient factual allegations and were merely duplicative of Plaintiff's breach of contract claim.

**B. Analysis**

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a pleading must offer more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. There must be "sufficient factual matter, [which if] accepted as true . . . state[s] a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Defendant argues Plaintiff's claims for bad faith and fraud fail to meet this pleading requirement because the Complaint sets forth only conclusory allegations rather than actual facts to support any contention of bad faith or fraud. Further, it maintains Plaintiff's fraud claim does no more than recite the elements of that claim.

An examination of the Complaint leads the Court to agree. After setting forth the facts that serve as the basis for her breach of contract claim—namely, that Defendant allegedly refused to pay policy benefits that Plaintiff argues were covered by her policy—Plaintiff pleads a bad faith claim on the grounds that Defendant refused to pay and

investigate Plaintiff's claims despite knowing her claims were valid, "all in violation of good faith and fair dealing, and resulting in financial gain to Companion." (Doc. No. 1, ¶ 23). Plaintiff's fraud claim, equally conclusory, simply mirrors the elements of a fraud claim. Consider the facts she plead: "Companion represented, in its Policy language, that it would pay for [Plaintiff's claim]," "those representations . . . were with an understanding and intent that Plaintiff would rely on Companion to her detriment," "the representations were false," and "Companion intended for Plaintiff to rely on Companion's representations as an inducement to refrain from" seeking benefits and funds owed to her by Companion. (Doc. No. 1, ¶¶ 26 – 31).

In response, Plaintiff argues its Complaint is anything but conclusory. She argues for the first time in her Response (Doc. No. 10) that Defendant must have acted fraudulently and in bad faith when it denied her claim since, as an experienced healthcare insurance provider, Companion knew it was prohibited by the Patient Protection and Affordable Care Act from denying coverage on the basis of pre-existing conditions.

Defendant is correct that Plaintiff's newfound argument cannot save a deficient Complaint: "Plaintiff may not add to or change [her] claims in a response to a motion to dismiss." *Hale v. Emporia State Univ.*, 2016 WL 917896, at *4 (D. Kan. Mar. 8, 2016). And to be clear, that is precisely what Plaintiff has done here: nowhere does her Complaint mention, or even reference, the Affordable Care Act. It merely states that Defendant acted "wrongfully" in refusing to pay (¶ 22) and that Plaintiff suffered damages "as a proximate result of Companion's [allegedly fraudulent] wrongful conduct." (Doc. No. 1, ¶¶ 22, 31). Because these are the sort of "mere conclusory statements" that will not suffice in a

complaint, the Court GRANTS Defendant's Partial Motion to Dismiss. *Iqbal*, 556 U.S. at 663

Plaintiff, however, requests leave to amend in her Surreply. (Doc. No. 16). That request is granted for the purpose of allowing Plaintiff to amend her complaint to conform to federal pleading requirements. Plaintiff may file an amended complaint on or before November 7, 2016.

IT IS SO ORDERED this 27TH day of October 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE